Zhu v. Barr

BIA
Vomacka, IJ
A206 071 167

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

DAOPING ZHU,

     *Petitioner,*

    v.                                      18-108
                                                NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

     *Respondent.*

_____

FOR PETITIONER:         Joan Xie, Esq., New York, NY.

FOR RESPONDENT:       Joseph H. Hunt, Assistant Attorney General; Linda S. Wernery, Assistant Director; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Daoping Zhu, a native and citizen of China, seeks review of a December 29, 2017, decision of the BIA affirming an April 24, 2017, decision of an Immigration Judge ("IJ") denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daoping Zhu,* No. A 206 071 167 (B.I.A. Dec. 29, 2017), *aff'g* No. A 206 071 167 (Immig. Ct. N.Y. City Apr. 24, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determinations for substantial evidence).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Because Zhu's asylum claim is based on his involvement with the U.S. Committee of the Democratic Party of China ("DPC") while in the United States, he was required to "make some showing that authorities in [China] are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Substantial evidence supports the

3

agency's determination that Zhu was not credible as to his claim that he will be persecuted in China on account of his support for the DPC while in the United States.

The agency reasonably relied on several inconsistencies among Zhu's testimony, application, and documentary evidence concerning Chinese officials' alleged contacts with his wife. Zhu claimed that Chinese officials visited his wife multiple times to question her about his activities in the United States and that she was detained and interrogated overnight on one occasion. But his wife's letter only referenced one visit. There were further inconsistencies, in that (1) his wife indicated both that the visit occurred shortly before she wrote the letter in January 2017 and that she believed she had been under surveillance for months following the visit and (2) Zhu testified both that such visits usually occurred in June near the anniversary of the Tiananmen Square protests and that the incident occurred in January because the visits often coincided with the Chinese New Year. These inconsistencies cast doubt on a central component of Zhu's claim: whether Chinese officials were in fact aware of his Democratic activities in the United States. *See Hongsheng*

4

*Leng,* 528 F.3d at 143. Zhu did not provide a compelling explanation for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

The adverse credibility determination is bolstered by the IJ's findings that the plausibility of Zhu's claim was in question. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("It is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible."). The IJ's findings are sufficiently tethered to the record. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (An implausibility finding that is based on "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."). First, Zhu's wife's letter alleging that she

5

was interrogated was suspect as the letter arrived just weeks before the merits hearing, did not corroborate earlier visits, and did not mention the Chinese New Year despite Zhu's explanation that his wife sent the letter as a holiday greeting. Second, Zhu obtained English translations of notarial certificates from China of his marriage certificate and his, his wife's, and his son's birth certificates in 2011. Despite having obtained the certificate in 2011, which was two years before he joined the DPC, when questioned about it, he initially explained that he acquired the documents to prepare an asylum case. The timing of this evidence thus indicated that Zhu may have fabricated his claim. *See Y.C. v. Holder*, 741 F.3d 332, 338 (2d Cir. 2013) (expressing concern about ease of manufacturing claims based on political activities undertaken only in the United States).

The agency also reasonably found that Zhu's remaining documentary evidence failed to rehabilitate his credibility. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao*

6

*Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The photographs purportedly showing Zhu's DPC activities conflicted with his testimony regarding the date of his swearing in and were suspect because photographs purportedly taken only a few apart hours showed him wearing different clothing.

Given these problems with Zhu's testimony and documents, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Although the agency relied on two inconsistencies that are not supported by the record concerning the contents of DPC flyers and Zhu's discovery of the DPC, we determine that those errors do not require remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (holding that remand is futile when this Court can "confidently predict" that the agency would reach the same decision absent any errors). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
